## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01190

JERRY RICE; YANG RICE; STEVEN SMITH;
LYNETTE ROSS; JOSEPH GETTLER;
KRISTIN MCIRVIN, individually and as parent
and natural guardian of M.M., minor child;
MARIE WICKHAM; LEONARD CLECKLEY;
RABIAB CLECKLEY; MILDRED ANN
PRICE; OLLIE PRICE; JUDITH JOHNSON;
DOREEN SARGEMA; DAVID SARGEMA;
REBECCA RAINS, individually and as parent
and natural guardian of R.R., minor child;
COLLIN YEARSLEY; JAMIE GALLEGOS,
individually and as parent and natural guardian
of J.G.1 and J.G.2, minor children; PEARL
CARTER; GWENDOLYN HAYS; SOPHIA
VICTOR; KIMBERLY ETHRIDGE; LIA
HOWARD; DIRK HOWARD; EDITA
BERNADO; JUSTIN LEE; TRACEY
SCHETLIZKI; JEAN TIPTON; AMELINA
ROBLES; FRANKY REYES; SYLVIA
WHITEMAN; JACOB WHITEMAN; SHEILA
THOMAS; DARRYL THOMAS; SEAN
AGURKIS, individually and as parent and
natural guardian of Z.A. and C.A., minor
children; HOPE AGURKIS; ERIC HERMANN;
JANINE PALMER; GABRIELE PALMER;
LAURA MICHAEL; VALERIE JOHNSON;
MARIVICK LASTRELLA; EMILIANO
LASTRELLA; DAYCEE R. MARTINEZ,
individually and as parent and natural guardian
of N.G., minor child; EDWARD PAKER;
CHIEMI PAKER; ANTHONY HARRISON;
ROBERT HENLEY; JODI HENLEY; ROBERT
MAYVILLE; EDWARD REYES; NANCY
REYES; PHILIP HOUSTON; CLAUDIA
BELL; URSULA HORN; JARRELL HORN;
TAMMY MALTAIS; JOHN MALTAIS;

GREGORY IVERSON, individually and as
parent and natural guardian of S.I., minor child;
GLENDA STEPHENS; THOMAS STEPHENS;
ASHLEY J. MARQUARDT, individually and as
parent and natural guardian of H.M. and A.M.,
minor children; BRADLEY MARQUARDT;
YVETTE MORRISON; EARLIE MORRISON;
LISA TRUJILLO; MARY TRUJILLO;
SAMUELLE HOLTON; JOMARION CLARK;
SARA IGYARTO; JILL JEFFRIES; CHARLES
SINGBIEL; ALVIN SANCHEZ; JULIA
MADDEN, individually and as parent and
natural guardian of J.M.1 and J.M.2, minor
children; SHERRI IGOU; FLOSSIA
FLOURNOY, individually and as parent and
natural guardian of A.F., minor child;
BRIANNA FLOURNOY; TROY MCGREGOR;
KENNETH WILLARD; NANCY WILLARD;
CYNTHIA WHYTE; NELDA VELEZ; FIDEL
GUTIERREZ; CANDI JONES; KATHY
HOWELL; KAMERON HAMBLY; JASON
HAMBLY; HOLLIE HAMBLY; NORA
ELEFANTE; CONSTANCE ROBINSON;
HEATHER M. BOVEY, individually and as
parent and natural guardian of M.B., minor
child; JORDAN BOVEY; MARK BOVEY;
MALARIE BOVEY; REBECCA YOUNGS;
RICHARD YOUNGS; MONICA LESTER;
LISA MCCARTY; STEVEN MOCK,
individually and as parent and natural guardian
of M.M., minor child; BRIAN HELM;
HARRIET CREDIER; ELIZABETH GARCIA,
individually and as parent and natural guardian
of E.A., minor child; JOHNATHON
COSTELLO; MICHEAL MOODY;
CHARLENE MOODY; RICHARD MOORE;
FELIX BETANCOURT; ARIE JACKSON;
JOSEPH HENDERSON; JUDY HAMILTON;
GLADYS BROWN; NELDA HIGLEY;
MICHAEL KANE; YOLANDA CEJA;

2

VONDA SCHAT-WILK; DONNA PRICE;
ISAAC KIMBROUGH; JAQUELINE
DECKER; KAREN MARSHALL;
KATHARINA BUDESHEFSKY, individually
and as parent and natural guardian of S.B. and
C.B., minor children; KIMBERLY LOPEZ;
JESUS LOPEZ; MICHAEL DELMONICO;
BETHANY CRANE; YVETTE BREDEN;
TONIA ROBINSON; ROBERT ROBINSON;
AMANDA HOLMAN, individually and as
parent and natural guardian of J.M., minor child;
BRETT TAYLOR; KIMBERLY BAYS;
JAMES MCCANN; ROBERT COLORADO;
THOMAS PHILLIPS; RAY ESPINOZA;
DEANNA GATTA; FRANK GATTA; JEAN
GATTA; LEE JONES; KATHERINE LYALL;
ADAM PRZYMUS, individually and as parent
and natural guardian of A.P.1 and A.P.2, minor
children; AMANDA PRZYMUS; JENNIFER
COLLINS; AUSTIN COLLINS; THERESA
HICKMAN; CHARLES HICKMAN; CODY
HICKMAN; TABITHA BERTRAND;
MICHAEL MANAOIS; JENNIFER VELASCO,
individually and as parent and natural guardian
of R.V. and V.V., minor children; EVA
HAYNIE; TONYA OBERMULLER;
SHANNEN MORRA; ANTHONY MORRA;
DAVID MAIN; KIMBERLY WESTBERG,
individually and as parent and natural guardian
of M.W.1 and M.W.2, minor children; DAURIE
WESTBERG; DARRIN WESTBERG, JR.;
KIMBERLY WESTBERG; DARRIN
WESTBERG; MARIE CHAVIS; DEBRA
DUSACK; ANNABEL JACOX; INA KING;
HEIKO SEIFFERT; DAN EDWARDS; JUSTIN
ARIAS; PEGGY ARIAS, individually and as
parent and natural guardian of M.A. and N.A.,
minor children; NELYSETTE SANCHEZ,
individually and as parent and natural guardian
of I.S., J.V., and E.V., minor children;

DOMINIC SANCHEZ; ARIA RAMIREZ
ACTOUKA, individually and as parent and
natural guardian of K.R, M.R., and L.R., minor
children;; LEONEL RAMIREZ; ROBERTA
VIGIL; DONAVIAN LORIO; JESSICA
LESSARD; DANA MILLER; DANIEL
MILLER; RUTHANN PATTERSON;
MARSHALL PATTERSON; and PAMELA
GRIEBEL;

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their undersigned counsel, hereby file this First Amended

Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a

Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in

4

interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al.*, 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.    In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.    It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.    Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.    By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.    EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.    Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*
[3] *Id*.

7

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.    These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.    The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.    Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.    The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.    The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.    The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and

---

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.    The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.    There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.    The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

**Health Effects of PFOS and PFOA Exposure**

29.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.    According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.    Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.    On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFFS' EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury and, in the cases of adult Plaintiffs, property damage due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the adult Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.    This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.    "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.    Plaintiff Jerry Rice currently resides at 5145 Water Dipper Road, Colorado Springs, CO 80911. As a result of Jerry Rice's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jerry Rice has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.    Plaintiff Yang Rice currently resides at 5145 Water Dipper Road, Colorado Springs, CO 80911. As a result of Yang Rice's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Yang Rice has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.     Plaintiff Steven Smith currently owns and resides at 5148 Manzana Dr, Colorado Springs, CO 80911. As a result of Steven Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Lynette Ross currently resides at 5148 Manzana Drive, Colorado Springs, CO 80911. As a result of Lynette Ross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynette Ross has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.     Plaintiff Joseph Gettler currently resides at 5150 Bradley Circle Lot E5, Security, CO 80911. As a result of Joseph Gettler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Gettler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55.     Plaintiff Kristin McIrvin, individually and as parent and natural guardian of M.M., currently resides at 5155 Puerta Road, Fountain, CO 80817 with minor child M.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristin McIrvin and M.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

56.     Plaintiff Marie Wickham currently resides at 516 Cottonwood Drive, Colorado Springs, CO 80911. As a result of Marie Wickham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Wickham has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.     Plaintiff Leonard Cleckley currently resides at 5169 Barnstormers Ave., Colorado Springs, CO 80911. As a result of Leonard Cleckley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leonard Cleckley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

58.     Plaintiff Rabiab Cleckley currently owns and resides at 5169 Barnstormers Avenue, Colorado Springs, CO 80911. As a result of Rabiab Cleckley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rabiab Cleckley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59.     Plaintiff Mildred Ann Price currently owns and resides at 517 Aztec Drive, Colorado Springs, CO 80911. As a result of Mildred Ann Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mildred Ann Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with Thyroid Problems; Ulcerative Colitis.

60.     Plaintiff Ollie Price currently owns and  resides at 517 Aztec Drive, Colorado Springs, CO 80911. As a result of Ollie Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ollie Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol, Thyroid Problems; Ulcerative Colitis.

61.     Plaintiff Judith Johnson currently resides at 518 Jersey Lane, Security, CO 80911. As a result of Judith Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judith Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

62.     Plaintiff Doreen Sargema currently owns and resides at 5185 Water Dipper Road, Colorado Springs, CO 80911. As a result of Doreen Sargema's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Doreen Sargema has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis.

63.     Plaintiff David Sargema currently owns and resides at 5185 Water Dipper Road, Security, CO 80911. As a result of David Sargema's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Sargema has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

64.     Plaintiff Rebecca Rains, individually and as parent and natural guardian of R.R., currently resides at 52 Watson Boulevard, Colorado Springs, CO 80911 with minor child R.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Rains and R.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

65.     Plaintiff Collin Yearsley currently resides at 520 Aztec Dr., Colorado Springs, CO 80911. As a result of Collin Yearsley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Collin Yearsley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

66.     Plaintiff Jamie Gallegos, individually and as parent and natural guardian of J.G.1, currently resides at 520 East Cheyenne Road, Colorado Springs, CO 80905 with minor child J.G.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Gallegos and J.G.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

67. Plaintiff Jamie Gallegos, individually and as parent and natural guardian of J.G.2, currently resides at 520 East Cheyenne Road, Colorado Springs, CO 80905 with minor child J.G.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Gallegos and J.G.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

68. Plaintiff Pearl Carter currently owns and resides at 521 Cottonwood Dr., Colorado Springs, CO 80911. As a result of Pearl Carter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pearl Carter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69. Plaintiff Gwendolyn Hays currently owns and resides at 5220 Alturas dr, Colorado Springs, CO 80911. As a result of Gwendolyn Hays's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gwendolyn Hays has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

70. Plaintiff Sophia Victor currently resides at 523 Comanche Village Dr, Fountain, CO 80817. As a result of Sophia Victor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sophia Victor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

71. Plaintiff Kimberly Ethridge currently owns and resides at 5232 Suburban Drive, Colorado Springs, CO 80911. As a result of Kimberly Ethridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Ethridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

72.     Plaintiff Lia Howard resided at 5240 Harrington, Colorado Springs, CO 80911 for all times relevant herein. As a result of Lia Howard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lia Howard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

73.     Plaintiff Dirk Howard currently resides at 5240 Harrington, Colorado Springs, CO 80911. As a result of Dirk Howard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dirk Howard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

74.     Plaintiff Edita Bernado currently resides at 5240 Water Dipper Road, Colorado Springs, CO 80911. As a result of Edita Bernado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edita Bernado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

75.     Plaintiff Justin Lee currently resides at 5249 Barnstormers Avenue, Colorado Springs, CO 80911. As a result of Justin Lee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Lee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Tracey Schetlizki currently owns and resides at 525 Chatfield Drive, Colorado Springs, CO 80911. As a result of Tracey Schetlizki's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracey Schetlizki has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.     Plaintiff Jean Tipton currently resides at 525 Clearview Drive, Fountain, CO 80817. As a result of Jean Tipton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Jean Tipton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

78.     Plaintiff Amelina Robles currently owns and resides at 5254 Blazer Court, Colorado Springs, CO 80911. As a result of Amelina Robles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amelina Robles has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

79.     Plaintiff Franky Reyes currently resides at 5254 Blazer Court, Colorado Springs, CO 80911. As a result of Franky Reyes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Franky Reyes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Sylvia Whiteman currently resides at 526 Chatfield Drive, Colorado Springs, CO 80911. As a result of Sylvia Whiteman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sylvia Whiteman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Jacob Whiteman currently resides at 526 Chatfield Drive, Colorado Springs, CO 80911. As a result of Jacob Whiteman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Whiteman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.     Plaintiff Sheila Thomas currently owns and resides at 529 Rowe Lane, Colorado Springs, CO 80911. As a result of Sheila Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheila Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

83.     Plaintiff Darryl Thomas currently owns and resides at 529 Rowe Lane, Colorado Springs, CO 80911. As a result of Darryl Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darryl Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

84.     Plaintiff Sean Agurkis, individually and as parent and natural guardian of Z.A., currently resides at 5316 Rondo Way, Colorado Springs, CO 80911 with minor child Z.A. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sean Agurkis and Z.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

85.     Plaintiff Sean Agurkis, individually and as parent and natural guardian of C.A., currently resides at 5316 Rondo Way, Colorado Springs, CO 80911 with minor child C.A. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sean Agurkis and C.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

86.     Plaintiff Hope Agurkis currently resides at 5316 Rondo Way, Colorado Springs, CO 80911. As a result of Hope Agurkis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hope Agurkis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.     Plaintiff Eric Hermann currently resides at 5332 Rondo Way, Colorado Springs, CO 80911. As a result of Eric Hermann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eric Hermann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.     Plaintiff Janine Palmer owns and currently resides at 534 Calle Conejos, Fountain, CO 80817. As a result of Janine Palmer's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Janine Palmer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

89.    Plaintiff Gabriele Palmer owns and currently resides at 534 Calle Conejos, Fountain, CO 80817. As a result of Gabriele Palmer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gabriele Palmer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol.

90.    Plaintiff Laura Michael currently owns and resides at 534 Clearview Drive, Fountain, CO 80817. As a result of Laura Michael's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Michael has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

91.    Plaintiff Valerie Johnson currently resides at 535 Quebec Street, Colorado Springs, CO 80911. As a result of Valerie Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valerie Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92.    Plaintiff Marivick Lastrella currently owns and resides at 5354 Barnstormers Ave, Colorado Springs, CO 80911. As a result of Marivick Lastrella's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marivick Lastrella has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

93.    Plaintiff Emiliano Lastrella currently owns and resides at 5354 Barnstormers Ave, Colorado Springs, CO 80911. As a result of Emiliano Lastrella's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emiliano Lastrella has elevated levels

of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

94.    Plaintiff Daycee R. Martinez, individually and as parent and natural guardian of N.G., currently resides at 537 Welsh Circle, Colorado Springs, CO 80916, with minor child, N.G.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daycee R. Martinez and N.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and N.G. has been diagnosed with Ulcerative Colitis.

95.    Plaintiff Chiemi Paker currently owns and resides at 538 Raemar Cir., Colorado Springs, CO 80911. As a result of Chiemi Paker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chiemi Paker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

96.    Plaintiff Edward Paker currently owns and resides at 538 Raemar Cir., Colorado Springs, CO 80911. As a result of Edward Paker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Paker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems

97.    Plaintiff Anthony Harrison currently owns and resides at 5395 Sparrow Hawk Way, Colorado Springs, CO 80911. As a result of Anthony Harrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Harrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

98.    Plaintiff Robert Henley currently owns and resides at 5405 Huxley Court, Colorado Springs, CO 80911. As a result of Robert Henley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Henley has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

99.     Plaintiff Jodi Henley currently owns and resides at 5405 Huxley Court, Colorado Springs, CO 80911. As a result of Jodi Henley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jodi Henley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

100.     Plaintiff Robert Mayville currently owns and resides at 5415 Cianco Lane, Colorado Springs, CO 80911. As a result of Robert Mayville's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Mayville has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

101.     Plaintiff Edward Reyes currently resides at 5415 Kubrick Court, Colorado Springs, CO 80911. As a result of Edward Reyes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Reyes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

102.     Plaintiff Nancy Reyes currently resides at 5415 Kubrick Ct., Security, CO 80911. As a result of Nancy Reyes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Reyes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

103.     Plaintiff Philip Houston currently owns and resides at 5420 Huxley Court, Colorado Springs, CO 80911. As a result of Philip Houston's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Philip Houston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

104.    Plaintiff Claudia Bell currently owns and resides at 546 Rosemont Drive, Colorado Springs, CO 80911. As a result of Claudia Bell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Claudia Bell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with Kidney Cancer.

105.    Plaintiff Ursula Horn currently owns and resides at 547 Quebec Street, Colorado Springs, CO 80911. As a result of Ursula Horn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ursula Horn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

106.    Plaintiff Jarrell Horn currently owns and resides at 547 Quebec Street, Colorado Springs, CO 80911. As a result of Jarrell Horn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jarrell Horn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality.

107.    Plaintiff Tammy Maltais currently resides at 5476 Hicks Drive, Colorado Springs, CO 80911. As a result of Tammy Maltais's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tammy Maltais has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108.    Plaintiff John Maltais currently resides at 5476 Hicks Drive, Colorado Springs, CO 80911. As a result of John Maltais's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Maltais has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.    Plaintiff Gregory Iverson currently owns and resides at 5483 Maribou Way, Colorado Springs, CO 80911. As a result of Gregory Iverson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Iverson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

110.    Plaintiff Glenda Stephens currently owns and resides at 5485 Liano Drive, Colorado Springs, CO 80911. As a result of Glenda Stephens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Glenda Stephens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol and Thyroid Disease

111.    Plaintiff Thomas Stephens currently owns and resides at 5485 Liano Drive, Colorado Springs, CO 80911. As a result of Thomas Stephens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Stephens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

112.    Plaintiff Ashley J. Marquardt, individually and as parent and natural guardian of H.M., currently resides at 5498 Barnstormer Avenue, Colorado Springs, CO 80911, with minor child, H.M..  As a result of Ashley Marquardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Marquardt  and H.M. have elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and Ashley J. Marquardt has been diagnosed with Pregnancy Problems; Thyroid Problems.

113.    Plaintiff Ashley J. Marquardt, individually and as parent and natural guardian of H.M., currently resides at 5498 Barnstormer Avenue, Colorado Springs, CO 80911, with minor child, A.M.  As a result of Ashley Marquardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Marquardt and A.M. have elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and Ashley J. Marquardt has been diagnosed with Pregnancy Problems; Thyroid Problems.

114.    Plaintiff Bradley Marquardt currently resides at 5498 Barnstormer Avenue, Colorado Springs, CO 80911. As a result of Bradley Marquardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bradley Marquardt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115.    Plaintiff Yvette Morrison currently resides at 5498 Marabou Way, Colorado Springs, CO 80911. As a result of Yvette Morrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yvette Morrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Earlie Morrison currently owns and resides at 5498 Marabou Way, Colorado Springs, CO 80911. As a result of Earlie Morrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Earlie Morrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Cancer.

117.    Plaintiff Lisa Trujillo currently owns and resides at 5520 Southmoor Lane, Fountain, CO 80817. As a result of Lisa Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

118.    Plaintiff Mary Trujillo currently owns and resides at 5520 Southmoor Lane, Fountain, CO 80817. As a result of Mary Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

119.    Plaintiff Samuelle Holton currently resides at 5532 Rose Ridge Ln., Colorado Springs, CO 80917. As a result of Samuelle Holton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samuelle Holton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120.    Plaintiff Jomarion Clark currently resides at 5532 Rose Ridge Ln., Colorado Springs, CO 80917. As a result of Jomarion Clark's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jomarion Clark has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

121.    Plaintiff Sara Igyarto currently owns and resides at 554 Raemar Drive, Colorado Springs, CO 80911. As a result of Sara Igyarto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sara Igyarto has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer; Thyroid Problems.

122.    Plaintiff Jill Jeffries currently resides at 5540 Southmoor Lane, Fountain, CO 80817. As a result of Jill Jeffries's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jill Jeffries has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.    Plaintiff Charles Singbiel currently resides at 5580 Southmoore Lane Apt 1, Fountain, CO 80817. As a result of Charles Singbiel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Singbiel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.    Plaintiff Alvin Sanchez currently owns and resides at 5590 Kingsboro, Colorado Springs, CO 80911. As a result of Alvin Sanchez's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Alvin Sanchez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.    Plaintiff Julia Madden, individually and as parent and natural guardian of J.M.1, currently resides at 560 Corte Amino, Fountain, CO 80817, with minor child, J.M.1.  As a result of Julia Madden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Madden and J.M.1 have elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and Julia Madden has been diagnosed with Pregnancy Problems.

126.    Plaintiff Julia Madden, individually and as parent and natural guardian of J.M.2, currently resides at 560 Corte Amino, Fountain, CO 80817, with minor child, J.M.2.  As a result of Julia Madden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Madden and J.M.2 have elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and Julia Madden has been diagnosed with Pregnancy Problems.

127.    Plaintiff Sherri Igou resided at 560 Tenasco Street, Del Norte, CO 81132 for all times relevant herein. As a result of Sherri Igou's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherri Igou has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

128.    Plaintiff Luflossia Flournoy, individually and as parent and natural guardian of A.F., currently resides at 5621 Tombstone Trail, Colorado Springs, CO 80923 with minor child A.F. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Luflossia Flournoy and A.F. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Luflossia Flournoy has been diagnosed with High Cholesterol.

129.    Plaintiff Brianna Flournoy currently resides at 5621 Tombstone Trail, Colorado Springs, CO 80923. As a result of Brianna Flournoy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brianna Flournoy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

130.    Plaintiff Troy McGregor currently resides at 5630 Almont Avenue, Colorado Springs, CO 80911. As a result of Troy McGregor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Troy McGregor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

131.    Plaintiff Kenneth Willard currently owns and resides at 5631 Hawkesbury Drive, Colorado Springs, CO 80911. As a result of Kenneth Willard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Willard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

132.    Plaintiff Nancy Willard currently owns and resides at 5631 Hawkesbury Drive, Colorado Springs, CO 80911. As a result of Nancy Willard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Willard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

133.    Plaintiff Cynthia Whyte currently owns and resides at 5645 Alturas Drive, Colorado Springs, CO 80911. As a result of Cynthia Whyte's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Whyte has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff Nelda Velez currently resides at 5655 Country Hts Dr, Colorado Springs, CO 80917. As a result of Nelda Velez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelda Velez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Fidel Gutierrez currently resides at 568 Marquette Drive Apt 207A, Colorado Springs, CO 80911. As a result of Fidel Gutierrez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fidel Gutierrez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136.    Plaintiff Candi Jones currently resides at 568 Marquette Drive Apt 301A, Colorado Springs, CO 80911. As a result of Candi Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Candi Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

137.    Plaintiff Kathy Howell currently resides at 5680 Marabou way, Colorado Springs, CO 80911. As a result of Kathy Howell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy Howell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.    Plaintiff Kameron Hambly currently owns and resides at 5689 Fantasia Drive, Colorado Springs, CO 80911. As a result of Kameron Hambly's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kameron Hambly has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

139.    Plaintiff Jason Hambly currently owns and resides at 5689 Fantasia Drive, Colorado Springs, CO 80911. As a result of Jason Hambly's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Hambly has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

140.    Plaintiff Hollie Hambly currently owns and resides at 5689 Fantasia Drive, Colorado Springs, CO 80911. As a result of Hollie Hambly's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hollie Hambly has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

141.    Plaintiff Nora Elefante currently owns and resides at 5720 Alturas Dr., Colorado Springs, CO 80911. As a result of Nora Elefante's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nora Elefante has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

142.    Plaintiff Constance Robinson currently resides at 5740 Alturras Drive, Colorado Springs, CO 80911. As a result of Constance Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Constance Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

143.    Plaintiff Heather M. Bovey, individually and as parent and natural guardian of M.B., currently resides at 5746 Leon Young Drive, Colorado Springs, CO 80924 with minor child M.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather M. Bovey and M.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Heather M. Bovey has been diagnosed with High Cholesterol; Thyroid Problems.

144.    Plaintiff Jordan Bovey currently resides at 5746 Leon Young Drive, Colorado Springs, CO 80924. As a result of Jordan Bovey's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Jordan Bovey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

145.    Plaintiff Mark Bovey currently resides at 5746 Leon Young Drive, Colorado Springs, CO 80924. As a result of Mark Bovey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Bovey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

146.    Plaintiff Malarie Bovey currently owns and resides at 5746 Leonyoung Drive, Colorado Springs, CO 80924. As a result of Malarie Bovey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Malarie Bovey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

147.    Plaintiff Rebecca Youngs currently owns and resides at 575 Jayton Drive, Colorado Springs, CO 80911. As a result of Rebecca Youngs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Youngs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

148.    Plaintiff Richard Youngs currently owns and resides at 575 Jayton Drive, Colorado Springs, CO 80911. As a result of Richard Youngs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Youngs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

149.    Plaintiff Monica Lester currently owns and resides at 5760 Tomah Drive, Colorado Springs, CO 80918. As a result of Monica Lester's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monica Lester has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems..

150.    Plaintiff Lisa McCarty currently resides at 5775 Alturus Drive, Colorado Springs, CO 80911. As a result of Lisa McCarty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa McCarty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

151.    Plaintiff Steven Mock, individually and as parent and natural guardian of M.M., currently resides at 579 Upton Dr, Colorado Springs, CO 80911 with minor child M.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Mock and M.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

152.    Plaintiff Brian Helm resided at 5795 Oil Baron Drive, Peyton, CO 80831 for all times relevant herein. As a result of Brian Helm's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Helm has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

153.    Plaintiff Harriet Credier currently owns and resides at 5795 Southmoor Avenue Lot 43, Fountain, CO 80817. As a result of Harriet Credier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harriet Credier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

154.    Plaintiff Elizabeth Garcia currently owns and resides at 5795 Southmoor Dr Lot 51, Fountain, CO 80817. As a result of Elizabeth Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

155.    Plaintiff Johnathon Costello currently resides at 5795 Southmoor Dr Lot 51, Fountain, CO 80817. As a result of Johnathon Costello's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnathon Costello has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156.    Plaintiff Micheal Moody currently resides at 5795 Southmoor Drive Space 20, Fountain, CO 80817. As a result of Micheal Moody's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Micheal Moody has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157.    Plaintiff Charlene Moody currently resides at 5795 Southmoor Drive, #20, Fountain, CO 80817. As a result of Charlene Moody's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Moody has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff Richard Moore currently owns and resides at 5795 Southmoore Drive #7, Fountain, CO 80817. As a result of Richard Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol and Testicular Cancer

159.    Plaintiff Felix Betancourt currently resides at 5795 Southmoore Drive #27, Fountain, CO 80817. As a result of Felix Betancourt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Felix Betancourt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.    Plaintiff Arie Jackson currently resides at 580 Upton Dr, Colorado Springs, CO 80911. As a result of Arie Jackson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Arie Jackson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

161.     Plaintiff Joseph Henderson currently resides at 580 Upton Dr, Colorado Springs, CO 80911. As a result of Joseph Henderson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Henderson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

162.     Plaintiff Judy Hamilton currently resides at 5836 Mulberry Road, Calhan, CO 80808. As a result of Judy Hamilton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judy Hamilton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

163.     Plaintiff Gladys Brown currently resides at 589 Corte Amino, Fountain, CO 80817. As a result of Gladys Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gladys Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

164.     Plaintiff Nelda Higley currently resides at 5890 Perrless FM Rd, Peyton, CO 80831. Nelda Higley lived at 7507 Fortman Avenue, Colorado Springs, CO 80817 and 7550 Vineland Trail, Colorado Springs, CO 80911 for all times relevant herein.  As a result of Nelda Higley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelda Higley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165.     Plaintiff Michael Kane currently owns and resides at 59 North Ely 2040 eddington, Colorado Springs, CO 80911. As a result of Michael Kane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Kane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166.    Plaintiff Yolanda Ceja currently owns and resides at 5940 Kittery Drive, Colorado Springs, CO 80911. As a result of Yolanda Ceja's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yolanda Ceja has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Disease.

167.    Plaintiff Vonda Schat-Wilk currently resides at 595 Woodmore acres dr, Monument, CO 80132. As a result of Vonda Schat-Wilk's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vonda Schat-Wilk has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.    Plaintiff Donna Price currently resides at 5968 San Mateo DR., Security, CO 80911. As a result of Donna Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.    Plaintiff Isaac Kimbrough currently resides at 5969 San Mateo Dr., Colorado Springs, CO 80911. As a result of Isaac Kimbrough's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Isaac Kimbrough has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

170.    Plaintiff Jaqueline Decker currently resides at 5993 San Mateo Dr, Colorado Springs, CO 80911. As a result of Jaqueline Decker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaqueline Decker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

171.    Plaintiff Karen Marshall currently resides at 6 Toas Cr, Fountain, CO 80817. As a result of Karen Marshall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Karen Marshall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

172.    Plaintiff Katharina Budeshefsky, individually and as parent and natural guardian of S.B., currently resides at 600 Rye Ridge Road, Fountain, CO 80817, with minor child, S.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katharina Budeshefsky and S.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Katharina Budeshefsky has been diagnosed with Pregnancy Problems.

173.    Plaintiff Katharina Budeshefsky, individually and as parent and natural guardian of C.B., currently resides at 600 Rye Ridge Road, Fountain, CO 80817 with minor child C.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katharina Budeshefsky and C.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

174.    Plaintiff Kimberly Lopez currently owns and resides at 601 Rye Ridge Road, Fountain, CO 80817. As a result of Kimberly Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Lopez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

175.    Plaintiff Jesus Lopez currently owns and resides at 601 Rye Ridge Road, Fountain, CO 80817. As a result of Jesus Lopez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesus Lopez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.    Plaintiff Michael Delmonico currently owns and resides at 602 Leta Drive, Security, CO 80911. As a result of Michael Delmonico's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Michael Delmonico has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

177.    Plaintiff Bethany Crane currently owns and resides at 602 San Clemente Drive, Colorado Springs, CO 80906. As a result of Bethany Crane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bethany Crane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

178.    Plaintiff Yvette Breden currently resides at 6040 Praire Hills view Apt 108, Colorado Springs, CO 80923. As a result of Yvette Breden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yvette Breden has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179.    Plaintiff Tonia Robinson currently resides at 6041 Chivelry Drive, Colorado Springs, CO 80923. As a result of Tonia Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonia Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180.    Plaintiff Robert Robinson currently resides at 6041 Chiverly Drive, Colorado Springs, CO 80923. As a result of Robert Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

181.    Plaintiff Amanda Holman, individually and as parent and natural guardian of J.M., currently resides at 606 Empress, Colorado Springs, CO 80911 with minor child J.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Amanda Holman and J.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

182.    Plaintiff Brett Taylor currently owns resides at 608 Blossom Field Rd, Fountain, CO 80817. As a result of Brett Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brett Taylor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183.    Plaintiff Kimberly Bays currently owns and resides at 6109 Finglas Drive, Colorado Springs, CO 80923. As a result of Kimberly Bays's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Bays has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

184.    Plaintiff James McCann currently owns and resides at 612 Widefield Drive, Colorado Springs, CO 80911. As a result of James McCann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James McCann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

185.    Plaintiff Robert Colorado currently owns and resides at 613 Clearview Drive, Fountain, CO 80817. As a result of Robert Colorado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Colorado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

186.    Plaintiff Thomas Phillips currently owns and resides at 6155 Ampersand Way, Colorado Springs, CO 80918. As a result of Thomas Phillips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

187.    Plaintiff Ray Espinoza currently resides at 6165 Padre Court, Colorado Springs, CO 80922. As a result of Ray Espinoza's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ray Espinoza has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188.    Plaintiff Deanna Gatta currently owns and resides at 617 Oregon PL., Fountain, CO 80817. As a result of Deanna Gatta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deanna Gatta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

189.    Plaintiff Frank Gatta currently resides at 617 Oregon Place, Fountain, CO 80817. As a result of Frank Gatta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Gatta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190.    Plaintiff Jean Gatta currently owns and resides at 617 Oregon Place, Fountain, CO 80817. As a result of Jean Gatta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jean Gatta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

191.    Plaintiff Lee Jones currently resides at 619 Syracuse Street, Colorado Springs, CO 80911. As a result of Lee Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lee Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

192.    Plaintiff Katherine Lyall currently owns and resides at 620 Kiowa Street, Fountain, CO 80817. As a result of Katherine Lyall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katherine Lyall has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol and Thyroid Disease.

193.    Plaintiff Adam Przymus, individually and as parent and natural guardian of A.P.1, currently resides at 622 Raemar Dr, Colorado Springs, CO 80911 with minor child A.P.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adam Przymus and A.P.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Adam Przymus has been diagnosed with Thyroid Problems.

194.    Plaintiff Adam Przymus, individually and as parent and natural guardian of A.P.2, currently resides at 622 Raemar Dr, Colorado Springs, CO 80911 with minor child A.P.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adam Przymus and A.P.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Adam Przymus has been diagnosed with Thyroid Problems.

195.    Plaintiff Amanda Przymus currently resides at 622 Raemar Drive, Colorado Springs, CO 80911. As a result of Amanda Przymus's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Przymus has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Jennifer Collins currently owns and resides at 6229 Tenderfoot Drive, Colorado Springs, CO 80923. As a result of Jennifer Collins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Collins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Austin Collins resided at 6229 Tinderfoot Drive, Colorado Springs, CO 80923 for all times relevant herein. As a result of Austin Collins's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Austin Collins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.    Plaintiff Theresa Hickman currently owns and resides at 6230 Bearcat Loop, Colorado Springs, CO 80925. As a result of Theresa Hickman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Hickman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

199.    Plaintiff Charles Hickman currently owns and resides at 6230 Bearcat Loop, Colorado Springs, CO 80925. As a result of Charles Hickman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Hickman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

200.    Plaintiff Cody Hickman currently resides at 6230 Bearcat Loop, Colorado Springs, CO 80925. As a result of Cody Hickman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cody Hickman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

201.    Plaintiff Tabitha Bertrand currently resides at 6235 Dancing Star Way, Colorado Springs, CO 80911. As a result of Tabitha Bertrand's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tabitha Bertrand has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

202.    Plaintiff Michael Manaois currently resides at 6255 Laurel Grass Range Trail, Colorado Springs, CO 80925. As a result of Michael Manaois's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Manaois has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203.    Plaintiff Jennifer Velasco, individually and as parent and natural guardian of R.V., currently resides at 6276 Twin Oaks Drive Apt 1119, Colorado Springs, CO 80918 with minor child R.V. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Velasco and R.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jennifer Velasco has been diagnosed with Thyroid Problems.

204.    Plaintiff Jennifer Velasco, individually and as parent and natural guardian of V.V., currently resides at 6276 Twin Oaks Drive Apt 1119, Colorado Springs, CO 80918 with minor child V.V. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Velasco and V.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jennifer Velasco has been diagnosed with Thyroid Problems.

205.    Plaintiff Eva Haynie currently owns and resides at 629 Clearview Dr., Fountain, CO 80817. As a result of Eva Haynie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eva Haynie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

206.    Plaintiff Tonya Obermuller currently resides at 6320 Bearcat Loop, Colorado Springs, CO 80925. As a result of Tonya Obermuller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonya Obermuller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.    Plaintiff Shannen Morra currently resides at 6340 Marilee way, Security, CO 80911. As a result of Shannen Morra's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannen Morra has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

42

208.    Plaintiff Anthony Morra currently resides at 6340 Marilee Way, Security, CO 80911. As a result of Anthony Morra's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Morra has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff David Main currently resides at 6350 Pilgrimage Road, Colorado Springs, CO 80925. As a result of David Main's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Main has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

210.    Plaintiff Kimberly Westberg, individually and as parent and natural guardian of M.W.1, currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911 with minor child M.W.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Westberg and M.W.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

211.    Plaintiff Kimberly Westberg, individually and as parent and natural guardian of M.W.2, currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911 with minor child M.W.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Westberg and M.W.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

212.    Plaintiff Daurie Westberg currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911. As a result of Daurie Westberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daurie Westberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

43

213.    Plaintiff Darrin Westberg, Jr. currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911. As a result of Darrin Westberg, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darrin Westberg, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

214.    Plaintiff Kimberly Westberg currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911. As a result of Kimberly Westberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Westberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215.    Plaintiff Darrin Westberg currently resides at 6351 Gossamer Street, Colorado Springs, CO 80911. As a result of Darrin Westberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darrin Westberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216.    Plaintiff Marie Chavis currently owns and resides at 6352 Gossamer, Colorado Springs, CO 80911. As a result of Marie Chavis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Chavis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.    Plaintiff Debra Dusack resided at 6375 Passing Sky Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of Debra Dusack's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Dusack has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

218.    Plaintiff Annabel Jacox currently owns and resides at 640 Calle Entrada, Fountain, CO 80817. As a result of Annabel Jacox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annabel Jacox has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

219.    Plaintiff Ina King currently resides at 640 Widick Street, Colorado Springs, CO 80911. As a result of Ina King's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ina King has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol; Ulcerative Colitis.

220.    Plaintiff Heiko Seiffert currently resides at 6408 Gossimer Street, Security, CO 80911. As a result of Heiko Seiffert's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heiko Seiffert has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

221.    Plaintiff Dan Edwards currently resides at 6411 Blackridge View Apt # 207, Colorado Springs, CO 80924. As a result of Dan Edwards's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dan Edwards has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

222.    Plaintiff Justin Arias currently resides at 6418 San Mateo, Colorado Springs, CO 80911. As a result of Justin Arias's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Arias has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

223.    Plaintiff Peggy Arias, individually and as parent and natural guardian of M.A., currently resides at 6418 San Mateo Drive, Colorado Springs, CO 80911 with minor child M.A. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Peggy Arias and M.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Peggy Arias has been diagnosed with Hypothyroidism; Thyroid Problems.

224.    Plaintiff Peggy Arias, individually and as parent and natural guardian of N.A., currently resides at 6418 San Mateo Drive, Colorado Springs, CO 80911 with minor child N.A. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Peggy Arias and N.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Peggy Arias has been diagnosed with Hypothyroidism; Thyroid Problems.

225.    Plaintiff Nelysette Sanchez, individually and as parent and natural guardian of I.S., currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911 with minor child I.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelysette Sanchez and I.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

226.    Plaintiff Nelysette Sanchez, individually and as parent and natural guardian of J.V., currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911 with minor child J.V. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelysette Sanchez and J.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

227.    Plaintiff Nelysette Sanchez, individually and as parent and natural guardian of E.V., currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911 with minor child E.V. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelysette Sanchez and E.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

228.    Plaintiff Dominic Sanchez currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911. As a result of Dominic Sanchez's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Dominic Sanchez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

229.    Plaintiff Aria Ramirez Actouka, individually and as parent and natural guardian of K.R., currently resides at 6435 Dancing Star Way, Colorado Springs, CO 80911 with minor child K.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aria Ramirez Actouka and K.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Aria Ramirez Actouka has been diagnosed with Thyroid Problems; Ulcerative Colitis.

230.    Plaintiff Aria Ramirez Actouka, individually and as parent and natural guardian of M.R., currently resides at 6435 Dancing Star Way, Colorado Springs, CO 80911 with minor child M.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aria Ramirez Actouka and M.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Aria Ramirez Actouka has been diagnosed with Thyroid Problems; Ulcerative Colitis.

231.    Plaintiff Aria Ramirez Actouka, individually and as parent and natural guardian of L.R., currently resides at 6435 Dancing Star Way, Colorado Springs, CO 80911 with minor child L.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aria Ramirez Actouka and L.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Aria Ramirez Actouka has been diagnosed with Thyroid Problems; Ulcerative Colitis.

232.    Plaintiff Leonel Ramirez currently resides at 6435 Dancing Star Way, Colorado Springs, CO 80911. As a result of Leonel Ramirez's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Leonel Ramirez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

233.    Plaintiff Roberta Vigil currently resides at 644 Prairie Star Cir., Colorado Springs, CO 80916-. As a result of Roberta Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Vigil has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

234.    Plaintiff Donavian Lorio currently resides at 6447 Sunny Meadow Street, Colorado Springs, CO 80923. As a result of Donavian Lorio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donavian Lorio has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

235.    Plaintiff Jessica Lessard currently owns and resides at 646 Blake Street, Salida, CO 81201. As a result of Jessica Lessard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Lessard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

236.    Plaintiff Dana Miller currently resides at 649 Fay Drive, Colorado Springs, CO 80911. As a result of Dana Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dana Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

237.    Plaintiff Daniel Miller currently resides at 649 Fay Drive, Colorado Springs, CO 80911. As a result of Daniel Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

238.    Plaintiff Ruthann Patterson currently owns and resides at 650 Dexter Street, Colorado Springs, CO 80911. As a result of Ruthann Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruthann Patterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

239.    Plaintiff Marshall Patterson currently owns and resides at 650 Dexter Street, Colorado Springs, CO 80911. As a result of Marshall Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marshall Patterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

240.    Plaintiff Pamela Griebel currently owns and resides at 655 Brundidge Court, Colorado Springs, CO 80911. As a result of Pamela Griebel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Griebel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol; Thyroid Disease; Kidney Disease.

## Defendants

241.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

242.    The term "Defendant" or "Defendants" refers to all Defendants named herein

jointly and severally.

243.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

244.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

245.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

246.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

247.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

248.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding,

Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

249.     Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

250.     Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

251.     At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

252.     Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

253.     At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

254.     Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

51

255.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

256.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

257.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

258.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

259.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

260.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

261.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

262.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

263.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

264.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

265.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

266.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

267.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

268.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

269.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE &

SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

270.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

271.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

272.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

273.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

274.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

275.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film

that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

276.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

277.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

278.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

279.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

280.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

281.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

282.    The USAF uses 3% AFFF for its installations.

283.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

284.    3M was the only company to manufacture PFOS-containing AFFF.

285.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

286.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

287.    In 1947, 3M began producing PFOA via ECF.

288.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

289.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

290.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

291.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

292.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

293.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

294.    Early studies showed that PFCs accumulated in the human body and were toxic.

295.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

296.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

297.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

298.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

299.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

300.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

301.    These injuries can arise months or years after exposure to PFOA.

302.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

303.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

304.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

305.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

306.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

307.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

308.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

309.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

310.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms,

AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

311.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

312.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

313.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

314.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

315.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

316.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

317.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

318.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

319.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

320.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

321.    PFOA and PFOS are present in all Defendants' AFFF products.

322.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

323.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and

PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

324.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

325.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

326.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

327.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

328.    The market for AFFF is ascertainable through standard discovery means.

329.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

330.     Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

331.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

332.     Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a.       Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b.       Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

c.       Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

333.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

a.       Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

b.     Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

c.     Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

d.     Using their considerable resources to fight PFOA and PFOS regulation; and

e.     Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

334.     As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a.     Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b.     Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c.     Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to

filter out PFOA and PFOS or procurement of water from alternative sources; and

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

335.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

336.    This cause of action is brought pursuant to Colorado law.

337.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

338.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

339.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

340.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

341.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations,

including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

342.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

343.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

344.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

345.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

346.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

347.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the

Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

348.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

349.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

350.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

351.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

352.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

353.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

354.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

355.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

356.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

357.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

358.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

359.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

360.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

361.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

362.

363.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

364.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

365.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

366.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

367.    This cause of action is brought pursuant to Colorado law.

368.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

369.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

370.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

371.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

372.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

373.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

374.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

375.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

376.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

377.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

378.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

379.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

380.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

381.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

382.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

383.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

384.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

70

## AS AND FOR A THIRD  CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

385.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

386.     This cause of action is brought pursuant to Colorado law.

387.     By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

388.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

389.     The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

390.     Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

391.     These alternative designs and/or formulations were already available, practical, and technologically feasible.

392.     The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

393.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

394.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

395.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

396.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

397.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

398.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

399.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

400.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this

exposure as more fully described herein and has significantly increased their risk of developing those conditions.

401.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

402.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

403.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

404.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

405.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

406.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

407.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

408.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

409.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

410.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

411.    an order for an award of attorneys' fees and costs, as provided by law;

412.    an award of pre-judgment and post-judgment interest as provided by law; and

413.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

414.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 23, 2018                             Respectfully Submitted,

**NAPOLI SHKOLNIK, PLLC**

*/s/ Paul J. Napoli*
Paul J. Napoli
Patrick J. Lanciotti
Hunter Shkolnik
Louise Caro
Tate J. Kunkle
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com

E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com

**MCDIVITT LAW FIRM**
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com